

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 31, 1962

Honorable H. R. Nieman, Jr.
Executive Director
State Building Commission
Austin, Texas

Opinion No. WW-1518

Re: Whether appropriated funds
are available to pay the
fees as set forth in submit-
ted Purchasing Voucher to
Robert L. Burns for conduct-

Dear Mr. Nieman:          ing condemnation proceedings.

You have requested the opinion of this office con-
cerning the payment of a claim for professional services
rendered to the State Building Commission in its land ac-
quisition program. According to the information contain-
ed in your request, this claim is for professional services
rendered the State Building Commission in condemnation pro-
ceedings and other related matters. The Comptroller of
Public Accounts has refused to pay the claim out of an appro-
priation expiring August 31, 1960. The claim was sworn to
on the 12th day of September, 1962, and approved for payment
by you on September 18, 1962, and presented to the Comptroller
for payment during the month of September, 1962.

The contract in question is valid. Attorney General's
Opinion No. WW-978 (1961). No question, however, is raised
concerning the validity of the contract nor the validity of
the claim presented. The only question raised is whether this
particular claim may be paid out of an appropriation expiring
August 31, 1960. In Attorney General's Opinion No. WW-978
(1961) it was held, "this being the case, the Comptroller is
authorized to make payments for these services /services simi-
lar to those presented in the instant case/, subject to the
restrictions of Article 4357, Vernon's Civil Statutes.

Article 4357, Vernon's Civil Statutes, provides that:

"No claim shall be paid from appro-
priations unless presented to the Comptroller

for payment within two years from the
close of the fiscal year for which such
appropriations were made. Any claim not
presented for payment within such period
may be presented to the Legislature as
other claims for which no appropriations
are available."

You are therefore advised that the Comptroller of Public
Accounts is not authorized to pay the claim submitted with
your request out of appropriations expiring on August 31,
1960, since such claim was not presented within "two years
from the close of the fiscal year /August 31, 1960/."

It is noted that Article 4357 also provides:

"It is specifically provided, however,
that as to all appropriations relating to
new construction contracts, and to repair
and remodeling projects which exceed the
sum of Twenty Thousand Dollars ($20,000.00),
including in either instance furniture and
other equipment, architects' and engineer-
ing fees and other related costs, any claim
may be presented for payment within four (4)
years from the close of the fiscal year for
which such appropriations were made."

These last quoted provisions, however, have no appli-
cation to the claim involved in your request, since the claim
does not involve "new construction contracts" nor "repair
or remodeling projects." Instead, the claim involves profes-
sional services rendered in the acquisition of land.

This office does not have sufficient information before
it to determine whether the payment of this claim may be pay-
able out of an unexpired appropriation or whether this claim
must be presented to the Legislature for payment. You are
therefore further advised that this opinion is limited strictly
to the question of whether this claim is payable out of an appro-
priation which expired on August 31, 1960.

SUMMARY

The Comptroller of Public Accounts
is not authorized to issue a warrant
in payment of a claim presented to

him in September, 1962, against an appropriation which expired on August 31, 1960. Article 4357, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:mkh:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Pat Bailey
Dudley McCalla
Norman Suarez
Tom Peterson

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore